2002 OK CIV APP 60

**BOHM, INC. d/b/a Mid–Kansas Diesel, Plaintiff/Appellee,**

**v.**

**Seth B. MICHAEL, Defendant/Appellant.**

**No. 96,811.**

Court of Civil Appeals of Oklahoma, Division No. 4.

April 9, 2002.

James L. Menzer, Menzer Law Offices, P.C., Blackwell, OK, for Plaintiff/Appellee.

Timothy R. Beebe, Enid, OK, for Defendant/Appellant.

Opinion by JOE C. TAYLOR, Presiding Judge:

¶1 Defendant, Seth B. Michael, appeals from the trial court's order denying his motion to vacate the grant of summary judgment in favor of Plaintiff, Bohm, Inc. d/b/a Mid–Kansas Diesel. Based on our review of the record and the applicable law, we affirm.

¶2 The parties' initial pleadings do not appear in the record. Defendant does not dispute Plaintiff's procedural history of the case as set forth in Plaintiff's motion for summary judgment, however. According to that document, Plaintiff filed this action in November 2000 and Defendant answered in January 2001, denying the allegations of Plaintiff's petition and asserting no affirmative defenses. Though the factual allegations of Plaintiff's petition are not set forth in Plaintiff's motion, it is clear from the record provided that Plaintiff sought damages from Defendant for Defendant's alleged failure to perform the terms of an agreement between the parties.

¶3 Shortly after Defendant filed his answer, Plaintiff mailed to Defendant's counsel and filed in the case requests for admission concerning the transaction, pursuant to 12 O.S.1991 § 3236. Defendant's responses initially were due in mid-February 2001, though Plaintiff agreed to extend the time for response, first, to March 2001, and then to May 2001. Defendant never responded to the requests. Plaintiff moved for summary judgment, asserting facts undisputed by virtue of Defendant's deemed admissions. The trial court granted Plaintiff's motion and entered judgment, based on the admissions, against Defendant for $2,816.83 (a sum that included prejudgment interest), plus costs, attorney fees, and post-judgment interest.

¶4 Defendant moved to vacate within ten days, essentially claiming unavoidable casualty or misfortune under 12 O.S. Supp.2000 § 1031(7).[1] The trial court denied the motion, and Defendant perfected this appeal. He does not assert error in the trial court's denial of his motion to vacate, but lists two issues of error challenging the underlying judgment: (1) that disputed issues of fact are disclosed by the record, and (2) that the trial court had no authority to award Plaintiff prejudgment interest in the absence of an agreement between the parties allowing it.[2] We thus apply the standard of review applicable to review of a trial court's entry of summary judgment, meaning that the issues are before us for a *de novo* examination. *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.*, 1996 OK 125, 932 P.2d 1100.

¶5 The record reflects that Defendant did not respond to Plaintiff's motion for summary judgment in the trial court but this fact is not necessarily fatal to his challenge of

1. Defendant asserted that he individually had not received a copy of the motion for summary judgment mailed to him by his counsel and therefore had not communicated with counsel concerning response to the same; Defendant had not answered Plaintiff's "interrogatories" because Defendant did not "possess such information"; Defendant believed counsel "would go ahead and represent him and he could pay at a later date"; and Defendant believed he had a valid defense, which he did not delineate.

2. Although, under 12 O.S. Supp.2000 § 990.2(A), post trial motions to vacate filed within ten days after judgment is entered will operate to extend a party's time to appeal a judgment, a party filing a motion to vacate is not specifically limited by statute to raising, on appeal, only the grounds asserted in the motion to vacate, as is the case with new trial motions pursuant to 12 O.S.1991 § 991(b).

the motion on appeal. The burden of producing admissible evidence to support every material fact is on the movant, and the trial court has the burden "to insure that the motion is meritorious." *Spirgis v. Circle K Stores, Inc.,* 1987 OK CIV APP 45, ¶ 10, 743 P.2d 682, 685 (approved for publication by the Oklahoma Supreme Court). If admissible evidence has not been submitted to support each material fact, the motion should be denied. *Id.* Further, a party need not respond and challenge material facts which are not supported by admissible evidence in the moving party's brief. *Id.* at ¶ 9, 743 P.2d at 684. When the movant has shown there is no genuine issue as to a material fact or the reasonable interpretation of undisputed facts, however, summary judgment should be granted. *Flanders v. Crane Co.,* 1984 OK 88, 693 P.2d 602. We find the latter situation present in the case at bar, with the record supporting the trial court's judgment.

¶ 6 Under 12 O.S.1991 § 3236(A), requests for admission which are not answered are deemed admitted, and under § 3236(B) are "conclusively established unless the court on motion permits withdrawal or amendment of the admission." The record here does not suggest that Defendant at any time requested to withdraw or amend his admissions to Plaintiff's requests; thus, the material facts set forth in those requests were conclusively established when Plaintiff moved for summary judgment, and the trial court was entitled to rely on them in ruling on the motion. Though this is not an issue that has specifically been addressed by the Oklahoma Supreme Court, it is clear under federal law— on which Oklahoma's discovery and evidence statutes are based—that "unanswered requests for admissions may properly serve as a basis for summary judgment and with a failure to make a timely response, the truth of the matter contained in the request for admission is conclusively established and may serve as the basis for a court's consideration of a motion for summary judgment." *Donovan v. Porter,* 584 F.Supp. 202, 207–08 (D.Md.1984) (citing *Batson v. Porter,* 154 F.2d 566 (4th Cir.1946)); *see also Stubbs v. Comm'r of I.R.S.,* 797 F.2d 936 (11th Cir. 1986); *Unit Petroleum Co. v. Nuex Corp.,* 1991 OK 21, ¶¶ 5–9, 807 P.2d 251, 252–53 (state court may use federal interpretation as a guide when state law is based on federal counterpart); *Warner v. Hillcrest Med. Ctr.,* 1995 OK CIV APP 123, ¶ 8, 914 P.2d 1060, 1064 (same). The fact that the evidence is an "admission" also avoids application of the hearsay rule, which might otherwise render such documentary evidence inadmissible. *See* 12 O.S.1991 § 2801(4)(b) and *Evidence Subcommittee Notes* ("Section 801(4)(b) takes admissions out of the category of hearsay.").

¶ 7 By failing to respond to the admissions request, Defendant admitted the following: an agreement existed between the parties whereby Defendant was to provide a rebuildable core to Plaintiff at some time before September 3, 1996; Defendant failed to provide the rebuildable core; Defendant received notice from Plaintiff of his failure to provide the part on or about September 3, 1996; Defendant's breach resulted in a debt to Plaintiff of $1,400, with interest accruing thereon at the rate of 21 percent per annum; Defendant represented to Plaintiff on several occasions that he would pay the debt; and Defendant failed to pay the debt per the agreement.[3] The admissibility of this evidence is not questioned.

---

3. Specifically, Plaintiff's request sought Defendant's admission of the following facts:

1. On September 3, 1996, Plaintiff notified Defendant that Defendant had failed to provide a rebuildable core per the terms of "Exhibit A" to Plaintiff's petition.

2. Defendant failed to provide the rebuildable core per the terms of "Exhibit A."

3. Defendant represented to Plaintiff that Defendant would pay the debt that is the basis of Plaintiff's petition.

4. Defendant has not performed all obligations per the terms of "Exhibit A."

5. In October 1999, Defendant represented to Plaintiff that Defendant was getting a loan to pay the debt owed.

6. In December 1999, Defendant told Plaintiff he was taking finals and would mail a check to Plaintiff that month to pay the debt.

7. Defendant has received numerous invoices from Plaintiff for the debt.

8. Defendant never disputed owing the debt prior to the filing of this action.

9. Defendant is indebted to Plaintiff in the principal amount of $1,400 as of September 3,

¶ 8 The evidence is sufficient to support a prima facie case for breach of contract. *See, e.g., Thompson v. Phillips Pipe Line Co.,* 200 Kan. 669, 438 P.2d 146, 149 (1968). No contrary evidence appears in the record to dispute it. The record is therefore sufficient to demonstrate undisputed facts supporting the trial court's judgment against Defendant, including its award of prejudgment interest, which is clearly within the scope of the matter admitted.

■ ¶ 9 Though, as Defendant argues, a court may not award prejudgment interest in the absence of a statute or agreement allowing for the same, the fact that such an interest rate was part of the parties' agreement is in the material deemed admitted, including an agreement allowing a rate of prejudgment interest greater than the statutory rate allowable by virtue of 23 O.S.1991 § 6 and 15 O.S.1991 § 266. Thus Defendant's argument on this allegation of error fails, as well.

■ ¶ 10 Plaintiff has filed a motion for appeal-related attorney fees pursuant to 12 O.S.1991 § 936. "Whenever there is statutory authority to award attorney fees in the trial [court], additional fees may be allowed ... for legal services rendered in the appellate court." *Sisney v. Smalley,* 1984 OK 70, ¶ 20, 690 P.2d 1048, 1051. Plaintiff's motion is granted, subject to a determination of reasonableness by the trial court in a hearing on remand. *See State ex rel. Burk v. City of Okla. City,* 1979 OK 115, 598 P.2d 659.

¶ 11 AFFIRMED AND REMANDED FOR DETERMINATION OF PLAINTIFF'S REASONABLE APPEAL–RELATED ATTORNEY FEES.

REIF, C.J., and STUBBLEFIELD, J., concur.

1996, with interest accruing thereafter at the rate of 21 percent per annum.

10. Defendant has no valid defense to Plaintiff's claims.

11. Defendant has no valid affirmative defense to Plaintiff's claims.