2004 OK CIV APP 72

**DISCOVER BANK BY SA DISCOVER FINANCIAL SERVICES, INC.,**
Plaintiff/Appellee,

v.

**Fetna M. HARRIS, Defendant/Appellant.**

No. 100,196.

Court of Civil Appeals of Oklahoma,
Division No. 1.

July 23, 2004.

Stephen L. Bruce, Richard S. Winblad, Brandi L. Dotson, Oklahoma City, OK, for Plaintiff/Appellee.

Fetna M. Harris, Fort Gibson, OK, Pro se Defendant/Appellant.

## OPINION

CARL B. JONES, Judge.

¶1 Defendant/Appellant, Fetna M. Harris (Harris), seeks review of the trial court's order granting the motion for summary judgment of Plaintiff/Appellee, Discover Bank by SA Discover Financial Services, Inc. (Bank), on Bank's claim for nonpayment under a credit card agreement. Having reviewed the record presented, we find no controversy of material fact as to Bank's entitlement to judgment against Harris on its claim, and hold the trial court's order should be affirmed.

¶2 Bank and Harris entered into a credit card agreement whereby Bank agreed to extend a revolving line of credit to Harris for cash advances or the purchase of goods and services. Under the agreement, Harris agreed to pay the account balance plus finance charges and other charges and fees in monthly installments. Harris used the credit card and incurred indebtedness but failed to pay the account in accordance with the agreement. On July 31, 2003, Bank sued Harris alleging Harris defaulted under the terms of the agreement and that Harris was indebted to Bank in the sum of $10,185.09. Bank sought a judgment in the amount of $10,185.09, with interest thereon and costs of the action including a reasonable attorney fee.

¶3 In response to the petition, Harris, *pro se*, filed a pleading entitled: "Response Pleading of Special Matter to Petition; Defendant's Motion for Extension to Respond Pending Discovery so that Affirmative Defenses can be Effectively and Properly Asserted; Defendant's Demand for Production of Documents and Other Discovery so that Affirmative Defenses can be Effectively and Properly Asserted." Within this pleading, Harris reserved the right to contest jurisdiction; denied waiver of her right to a jury trial; and asserted constitutional claims. Harris also sought discovery of the credit card agreement and other documents not relevant to the parties' credit card agreement (Harris sought discovery of nonexistent promissory notes; accounting/bookkeeping ledgers; identities of all accountants; her own bank account information; and Bank's business records and powers of attorney). She also sought discovery of documents reflecting that Bank has inspected its accounting/bookkeeping records; that it "is not in violation of Federal, or State, Consumer Protection laws-Truth In Lending–Fair Credit Billing Act, Equal Credit Opportunity Act prohibitions"; and that it has complied with those laws prior to attempting to collect on the alleged debt.

¶4 Bank responded to this pleading by alleging the relief sought by Harris is not recognized by law and that the pleading filed by Harris:

[a]ppears to be in the form of a prepackaged form that is appearing in various cases. These packages are typically bought or borrowed and are primarily designed to attempt to baffle the Court and the plaintiff. The pleading of the Defendant focuses upon article 3 of the UCC which deals with notes. The Plaintiff has not alleged that any note is involved but has alleged that the use of an account created a debt.

Bank urged Harris should be admonished regarding the possible imposition of sanctions under 12 O.S.2001 § 2011 for abusive, redundant and unfounded filings.

¶5 On September 8, 2003, Bank mailed to Harris requests for admissions seeking admission of the balance on the account; Harris' liability; and that payments were in default. On November 10, 2003, Bank filed a motion for summary judgment, setting forth evidentiary materials tending to show that Harris was served with such request for admissions by certified mail and she failed to respond within the time allowed by law. Based on the foregoing, Bank urged Harris admitted the existence of the account, that payments are in default and the amount of the balance due on the account; therefore, Bank is entitled to judgment as a matter of law. The hearing on the motion for summary judgment was scheduled for December 1, 2003. Notice of the hearing date was mailed to Harris on November 13, 2003. On

November 21, 2003, Harris filed a "Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim; Motion to Strike Summary Judgment;" a "Mandatory Judicial Notice," and an "Emergency Request to Reschedule Hearing" alleging the date of the hearing "conflicts with a prior commitment of Harris" and "she is unable to attend the hearing on such short notice."

¶ 6 Harris did not attend the hearing on December 1, 2003. The trial court granted Bank's motion for summary judgment finding the evidentiary materials filed with the motion show there is no substantial controversy as to any material fact; therefore, Bank is entitled to judgment as a matter of law. Harris appealed and the matter stands submitted for accelerated appellate review on the trial court record under Rule 13(h), *Rules for District Courts,* 12 O.S.2001, Ch. 2, App., and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S.2001, Ch. 15, App.

¶ 7 This court's standard of review of a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.,* 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op., Inc.,* 1996 OK 44, ¶ 15, 914 P.2d 669, 674. When this Court reviews the trial court's grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

¶ 8 In her petition-in-error, Harris asserts numerous allegations of error which are summarized as follows: 1) the trial court lacked jurisdiction to address the merits of the case because (a) Bank failed to comply with the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.,* thus it lacked standing to sue; (b) under the law/doctrine of estoppel, Bank gave Harris the impression that no lawful claim of indebtedness existed against her; and (c) the action was pursued by a third party using the name of Discover Bank; 2) the trial court erred in granting summary judgment because material issues of jurisdiction, discovery, violation of federal consumer laws, and Bank's license to conduct business in Oklahoma were not resolved prior to the merits of

the breach of contract; 3) the trial court erred because Harris was not provided an opportunity to be heard in court at a reasonable time, or a full and fair opportunity to defend the summary judgment because Bank failed to provide relevant discovery; and 4) Bank failed to support the summary judgment with verifiable admissible evidence.

¶ 9 Notwithstanding these numerous allegations of error (some of which were presented to the trial court in some form or manner within a plethora of filings and some of which have only been presented for the first time on appeal), the dispositive issue on appeal is whether an unresolved material issue of fact exists which renders the summary judgment entered in favor of Bank erroneous. We conclude there is not and affirm the judgment.

■ ¶ 10 Because Harris failed to respond to Bank's requests for admission within thirty days, the requests were deemed admitted. 12 O.S.2001 § 3236 (A). Subsection B of § 3236 provides any matter admitted is conclusively established "unless the court on motion permits withdrawal or amendment of the admission." The record here does not suggest that Harris at any time requested to withdraw or amend her admissions to Bank's requests. In *Bohm, Inc. v. Michael,* 2002 OK CIV APP 60, 46 P.3d 1286, the Court clarified under federal law—on which Oklahoma's discovery and evidence statutes are based—"unanswered requests for admissions may properly serve as a basis for summary judgment and with a failure to make a timely response, the truth of the matter contained in the request for admission is conclusively established and may serve as the basis for a court's consideration of a motion for summary judgment." *Bohm, Inc.* at ¶ 6, 46 P.3d at 1288, *quoting Donovan v. Porter,* 584 F.Supp. 202, 207–08 (D.Md.1984)(*citing Batson v. Porter,* 154 F.2d 566 (4th Cir.1946)).

¶ 11 By failing to respond to the admissions request, Harris admitted the existence of a credit card agreement; that she agreed to pay the account balance plus finance charges and other charges and fees in monthly installments; that she is indebted to Bank in the amount of $10,185.09; that Bank sent monthly statements indicating the balance due on the account together with finance charges and fees, and a minimum pay-

ment, and she failed to object to the statement; and that the payments on the account are in default.

¶ 12 We recognize the pleadings filed by Harris request the trial court to exercise leniency in reviewing same and to consider the substance over the form. However, even granting such leniency, by appearing and conducting this litigation *pro se*, Harris is held to the same standards as an attorney. *See Funnell v. Jones*, 1985 OK 73, ¶ 4, 737 P.2d 105, 107 ("[T]he fact that these lawsuits and their subsequent appeals were conducted pro se does not, in any way relieve Plaintiffs/Appellants of the responsibility to conform their actions to the rules of pleadings, evidence or appellate practice.... We .... hold that a party proceeding pro se in a civil action or a civil appeal is to be held to the same standards as an attorney."). Thus, because Harris failed to respond to the request for admissions, the material facts set forth in those requests were conclusively established when Bank moved for summary judgment, and the trial court was entitled to rely on them in ruling on the motion.

¶ 13 We also find Harris' allegation that she was not provided with an opportunity to appear and defend against the summary judgment motion to be disingenuous. The record reveals Harris had over two weeks notice of the hearing on the motion for summary judgment; she acknowledged receipt of the summary judgment motion by responding to same with a barrage of nonsensical pleadings; and she attempted to reschedule the hearing because she had a "prior commitment" and was unable to attend the hearing on such "short notice." Accordingly, we reject Harris' contention that she was not provided with a full and fair opportunity to be heard.

¶ 14 Based on the foregoing, the trial court's order granting Bank's motion for summary judgment is affirmed.

¶ 15 AFFIRMED.

ADAMS, J., and BUETTNER, V.C.J./P.J., concur.