Glenna COSGROVE and C. C. Cosgrove,
Plaintiffs in Error,

v.

A. H. STEWART, Defendant in Error.

No. 40202.

Supreme Court of Oklahoma.

Nov. 5, 1963.

Rehearing Denied Dec. 20, 1963.

Application for Leave to File Second
Petition for Rehearing Denied
Jan. 7, 1964.

Sid White, Oklahoma City, for plaintiffs in error.

Monnet, Hayes, Bullis, Grubb & Thompson, by John T. Edwards, Oklahoma City, for defendant in error.

JACKSON, Justice.

In the trial court, plaintiff A. H. Stewart filed a petition asking for the foreclosure of a mechanic's and materialman's lien against certain described residential property in Oklahoma City owned by the defendant, Roy D. Cosgrove, a single man. Cosgrove did not attack the sufficiency of the service of summons, but filed an answer which amounted to a general appearance, in which he alleged fraud and misrepresentation by the plaintiff, and that the improvements had not been installed in a workmanlike manner. On these issues the case went to trial, without a jury, and since the amount involved was small, no record of the testimony was made. Judgment was for plaintiff, and no appeal was taken.

Thereafter, the judgment not having been paid, plaintiff, A. H. Stewart, began proceedings for the sale of the real estate involved. It was properly advertised and sold at sheriff's sale to the plaintiff, who then filed his motion to confirm sale. While this motion was pending, Glenna Cosgrove filed an instrument captioned "Special Appearance and Motion to Vacate Judgment and Deny Confirmation of Sheriff's Sale" in which she alleged generally that the property belonged to her, and that it was the homestead of her and her husband, Charles Cosgrove. Charles Cosgrove filed a similar pleading making substantially the same allegations. These people are the parents of the defendant in the lien foreclosure action, Roy D. Cosgrove.

Stewart's motion to confirm the sale, and the motions filed by Glenna and Charles Cosgrove, were considered together in a hearing at which no evidence was introduced. Thereafter the objections were overruled, and an Order Confirming Sheriff's Sale was entered. It is from the order confirming the sale that the instant appeal is taken by Glenna and Charles Cosgrove. Roy D. Cosgrove did not appeal.

■ The record shows that shortly after the motion to confirm the sale was filed, Glenna Cosgrove began another action against Stewart (number 154393 in the trial court) in which she made substantially the same allegations as to her ownership of the property and its status as her homestead, and asked for an order of the court enjoining Stewart from proceeding further in the lien foreclosure action. This application was heard and, from the minutes of the court appearing in the record, denied prior to the hearing of the motion to confirm sale in the lien foreclosure action. Proceedings to appeal were begun in both cases, and joint extensions of time within which to appeal and to make, serve and settle casemade were given; the trial court, in one certificate, certified the casemade in both cases. A petition in error, with the bound volume containing both casemades, was filed in this court. It recites merely an appeal from "the judgment of the District Court of Oklahoma County, Oklahoma", which judgment is not otherwise identified either by caption or number.

However in their supplemental brief, the Cosgroves say that "* * * Under these circumstances the Sale was confirmed and it is from this Order of Confirmation that these Plaintiffs in Error appeal". Since the only order of confirmation in the rec-

ord was entered in the lien foreclosure action, that case is the only one properly before this court on appeal. Nevertheless, because of the joint extensions of time and certificate, and because both casemades were bound in one volume, the complete record in both cases is physically in the files of this court.

■ In the abstract of the record contained in the supplemental brief of the Cosgroves there are liberal quotations from the testimony of the witnesses heard in the trial of the injunction matter (number 154393). The Cosgroves, in their brief, say that " * * * the testimony upon a hearing for temporary injunction in the former suit was reintroduced and repeated". Although this statement is not supported by the record before us, it is not denied in the brief of defendant in error Stewart, who discusses the same evidence himself without objecting that it is not properly before this court. We will therefore assume that the parties stipulated that the trial court might consider the evidence presented in the injunction matter (heard almost four months before by the same judge) in support of their objections to confirmation of Sheriff's Sale.

On direct examination, Glenna Cosgrove testified that she was the wife of Charles Cosgrove; that she had owned the property, and it had been their homestead, for eighteen years; that "No one has ever owned it but me". However, on cross examination, her testimony was equivocal, unsatisfactory, contradictory and confusing. She said "It has been *in my family* eighteen years"; "But it was *my son's and my family's*"; "My son, I have always filed the homestead exemptions *for him* and put by me, by his mother" (emphasis supplied in all cases above).

A deputy county clerk, testifying for Mr. Stewart, identified public records which show that the property was conveyed by warranty deed to "Roy David Cosgrove, a single man" in 1947; that Roy Cosgrove or Roy David Cosgrove mortgaged the prop-

erty twice in 1949, and again in 1954 and 1958; and that in September, 1961, about two weeks *after* the date of the Sheriff's Sale here concerned, he conveyed it to Glenna Cosgrove by warranty deed.

Mr. Stewart testified that he did the work which was the basis of his lien, and further testified that both Glenna Cosgrove and Charles Cosgrove told him that the property belonged to their son, Roy Cosgrove. This was denied by Glenna and Charles Cosgrove. Roy Cosgrove did not testify.

The original brief of the plaintiffs in error in this court, Glenna and Charles Cosgrove, was stricken upon motion for failure to comply with rule 15 of this court. Their theory, as disclosed by their supplemental brief, seems to be that the property here concerned, or at least an equity therein, actually belonged to Glenna Cosgrove; that Stewart knew this to be the case, and knew that they claimed it as their homestead; that although Charles Cosgrove knew about the contract for the improvements and participated in the making thereof, Glenna Cosgrove did not; and that the original lien foreclosure judgment was therefore void, at least as to Glenna Cosgrove, for want of necessary parties.

■ It should be remembered that the testimony we have summarized, though actually given in the hearing of the injunction matter, is considered here as having been given at the hearing on Stewart's motion to confirm the sale, and the Cosgroves' motions to vacate the prior foreclosure judgment and to deny confirmation of the sale. As to the motion to confirm, Stewart, the moving party, had the burden of proof. However, the inquiry upon a motion to confirm Sheriff's Sale, and objections thereto, is confined to the regularity of the proceedings on the sale "and their sufficiency to resolve value of their subject". Lexington Land Co. v. Ambrister, 179 Okl. 96, 64 P.2d 703. In this case, no attack is made upon the regularity of the sale proceedings, and no question is raised as to the sufficiency

of the successful bid made by plaintiff Stewart. As to the motions to vacate the prior judgment, Glenna and Charles Cosgrove were the moving parties, and they had the burden of proof. In order for them to prevail upon the theory outlined in the preceding paragraph, they had the burden of proving, among other things, that Glenna Cosgrove owned the premises concerned, or at least an equity therein, and that it was the homestead of Glenna and Charles Cosgrove.

On the question of ownership, they relied principally upon the testimony of Glenna Cosgrove which, as we have seen, was equivocal, unsatisfactory, confusing and contradictory. See Alexander v. Gee, Okl., 352 P.2d 915, wherein we said of similar evidence:

"The testimony of interested litigants, although abundant, if insufficient to induce belief under all the facts and circumstances, is not binding on the trier of facts."

See also 58 Am.Jur. Witnesses, Sec. 863, wherein it is said:

"* * * If a witness' testimony on direct examination conflicts with that given by him on cross-examination, it is for the jury to decide when, if at all, he testified truthfully."

■ In an annotation on a related subject, it is said at 66 A.L.R. 1518:

"* * * where the plaintiff's case rests upon the testimony of a witness whose further examination so explains or qualifies his prior testimony as to leave the fact to which he testifies a matter of conjecture, possibility, or guess, his testimony will be construed as a whole to be so lacking in probative force as not to make a case for the jury."

In their supplemental brief on appeal, plaintiffs in error cite only four cases. The first one is Pettis v. Johnston, 78 Okl. 277, 190 P. 681, and the matter quoted consists of a general essay as to the nature of the homestead right. The second and third are cases from other jurisdictions to the general effect that under the circumstances set out (which do not exist in the instant case) the court, upon motion to confirm sale, could inquire into the validity of the foreclosure judgment upon which the sale was based. In both cases, the defect in the prior judgment appeared on the face of the proceedings; no such defect appears in the case now before us. The last case cited is Skinner v. First National Bank of Davis, 135 Okl. 61, 273 P. 893, in which this court held in effect that where an execution sale has been had on a dormant judgment, and the dormancy of the judgment appears on the face of the proceedings, it is not error to refuse to confirm the sale.

■ These cases are not helpful to plaintiffs in error in the case now before us. Regardless of the limited scope of the inquiry upon motion to confirm sale, the inquiry upon the motions of Glenna and Charles Cosgrove to vacate the prior judgment, considered at the same hearing, was much broader. As we have seen, the Cosgroves did not sustain the burden of proof under which they labored in that connection.

It is perhaps advisable to note at this point that in view of the condition of the record before us, many other questions present themselves to us in this appeal, but they are not assigned as error or argued in the briefs. We have therefore disregarded them.

We are asked by defendant in error Stewart to award him additional attorney fees under authority of Conrad v. Marlar, Okl., 366 P.2d 463. We have examined that case and are unable to determine that it is applicable to the facts presented here.

The judgment of the trial court is affirmed.