**Dotty L. SMALLER, Appellee,**

v.

**Ben I. SMALLER, Appellant.**

**No. 53546.**

Court of Appeals of Oklahoma,
Division No. 2.

Sept. 15, 1981.

Released for Publication by Order of
Court of Appeals Oct. 15, 1981.

Roland Tague, Jernigan, Groves, Bleakley & Tague, Oklahoma City, for appellee.

Herman D. Brandon, Oklahoma City, for appellant.

BOYDSTON, Judge.

This dispute has its inception in a bitterly fought divorce case filed in 1974, which resulted in a prior appeal and court actions which spanned the intervening years and several states. The record presented on appeal is abbreviated in the extreme, but by taking intra-pleading allegations at face value, together with the court minutes and those pleadings which are present, we believe the following events occurred.

The immediate controversy was initiated by Husband who filed contempt charges against his former Wife claiming she had failed to comply with the terms of their 1975 divorce decree by refusing to deliver possession of certain property; she counterpetitioned with contempt charges against him on the same grounds. Trial was held on March 6, 1978. Trial judge rendered a partial judgment on that day and called for briefs. The full judgment was rendered in court "Per Journal Entry" on August 18, 1978; the final journal entry was filed on October 2, 1978. On December 14, 1978, Husband filed a "Motion to Vacate Order" which was formally heard on March 9, 1979, at which time a minor change was made in the March 6—August 18—October 2, 1978, order. This appeal is from that March 9, 1979, order.

On appeal Husband raises two issues: (1) whether contempt proceedings are limited to the question of guilt or innocence of the parties; and, (2) whether trial court has jurisdiction to issue an order on matters outside the issues raised by the contempt citation.

■ Before getting into the substance of Husband's argument we observe that the only appealable issue raised by the posture of these pleadings is whether the trial court correctly ruled on the motion to vacate. Because of the spartan record presented we do not know the extent of the order made by the court or what transpired on August 18, 1978. However, there can be no doubt the journal entry filed October 2 is a final order and, as such, must be appealed within 30 days.

The Motion to Vacate Order filed on December 14 was two weeks out of time. We assume Husband proceeded to attack the October order under the provisions of 12 O.S.1971 § 1031 (Third), which provides for setting aside judgments where there has been a "mistake, neglect or omission of the clerk or irregularity in obtaining a judgment." The "irregularity" alleged by Husband is that the trial judge exceeded his authority by finding:

Plaintiff has given to Defendant all items of property awarded to Defendant by this court.

At trial, the court heard copious evidence about alimony payments, note payments, lost cattle, alleged boyfriends, orange groves, and other evidence offered by each side. The net result was the court found Husband had refused to make substantial payments ordered by the original decree for more than three years and had blocked Wife's sale of an orange grove in Florida by refusing to sign a deed. In summing up his

findings, the judge made a full, final accounting of the various, intricate dealings between the parties. As part of that accounting the trial court made the above finding of fact.

■ If we accept Husband's argument, we would limit a trial court's authority in such a hearing to finding simply "guilty or not guilty," a choice we decline to make. It is a trial court's duty to enforce its own orders and make accounting between disputing parties. *Gupton v. Western Kennel Club*, 193 Okl. 462, 145 P.2d 179 (1944).

■ More important, what Husband is really attempting is a belated "back door" appeal of an otherwise final order. The irregularities mentioned in § 1031 (Third) do not go to the substance of the order, but to whether a serious jurisdictional defect exists such as lack of service, notice, or jurisdiction of either the parties or subject matter, none of which exists in this case. *State ex rel. Hunt v. Liberty Investors Life Ins. Co.*, Okl., 543 P.2d 1390 (1975); *Oklahoma City v. Castleberry*, Okl., 413 P.2d 556 (1966); *Keel v. Miller*, Okl., 323 P.2d 986 (1958); *Pettis v. Johnston*, 78 Okl. 277, 190 P. 681 (1920). The only error committed by the trial court is in not limiting the scope of review at the March 9, 1979, hearing to the merits of the specific "irregularity" claimed by Husband as grounds to set aside the order of October 2. It is obvious, when the trial court granted the motion to a trivial extent by editing one paragraph, the Husband's argument went solely to the substance of the decision, not to an irregularity in its procurement. Neither the trial court nor the parties by their acquiescence can breathe life into an unappealed final order and by so doing confer jurisdiction on the court unless the statutory grounds of § 1031 (Third) have been satisfactorily invoked and proven.

■ We hold the trial court is without jurisdiction to grant any relief or set aside an unappealed judgment on any grounds except those set forth in § 1031 (Third). For the record, even though Husband failed to timely appeal the October 2 order, we find the trial court acted properly within its equitable powers to resolve the dispute between these parties and its order is amply supported by the evidence.

Judgment of trial court of March 9, 1979, is found to be a nullity; judgment of October 2, 1978, stands as a final judgment. Husband ordered to pay attorney fee for appeal in sum of $1,500 plus all costs of trial and appeal.

BRIGHTMIRE, J., concurs.

BACON, P. J., not participating.