1998 OK CIV APP 4

**The BOARD OF TRUSTEES OF THE TOWN OF DAVENPORT, Plaintiff/Appellee,**

**v.**

**Cloe L. WILSON, Defendant/Appellant,**

**and**

**Bill J. Wilson, Defendant.**

**No. 87482.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 16, 1997.

Cynthia Ferrell–Ashwood, Chandler, for Plaintiff/Appellee.

O. Ronald McGee, Ponca City, for Defendant/Appellant.

OPINION

BUETTNER, Judge:

¶ 1 Cloe L. Wilson and her husband, Bill J. Wilson, were sued by the town of Daven-

port which alleged that the placement of their mobile home on a residential tract was a nuisance. The record reveals that they were duly served with process December 19, 1994, but failed to respond to the lawsuit. Default judgment was taken against them February 13, 1995. On February 23, 1995, the Wilsons moved to set aside the default judgment. The motion was denied as to Mr. Wilson August 18, 1995. No order was entered against Mrs. Wilson because of her announcement of a pending bankruptcy. After the bankruptcy stay was lifted, the trial court heard Mrs. Wilson's argument in support of her motion to set aside the default judgment. The motion was denied and she appeals.[1]

¶2 Mrs. Wilson's lawyer admits "but for the failure of her counsel to dispatch the answer to the clerk, [she] would have been able to defend the suit as filed by Appellee." Recasting the question presented for review, the issue is whether a lawyer's negligence in failing to respond to a lawsuit is a ground for vacation of a default judgment pursuant to either 12 O.S.1991 § 1031 (Third) or (Seventh).[2]

¶3 Section 1031 (Third) states that the district court may vacate its orders "for mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order." Because the court clerk is not implicated in the case at bar, the relevant inquiry is whether a lawyer's failure to respond on his client's behalf to a lawsuit, paving the way to a default judgment, is an irregularity in obtaining a judgment. Generally, the " 'irregularity' relates not to the substance of the order, but to whether a serious jurisdictional defect exists, such as lack of service, notice or jurisdiction of either the parties or subject matter." *Van Nort v. Davis*, 1990 OK CIV APP 95, 800 P.2d 1082, 1085, citing *Smaller*

*v. Smaller*, 1981 OK CIV APP 63, 635 P.2d 1341. Failure to respond after proper notice is not a serious jurisdictional defect. In any event, we cannot find that a defendant may take advantage of her own mistake, in this case failing to respond to the lawsuit after good service of process, and seek vacation of a valid order based on her own lack of diligence in defending her lawsuit.

¶4 Next we address whether failure to respond to the lawsuit after good service is a ground to vacate the judgment pursuant to 12 O.S.1991 § 1031 (Seventh)—"unavoidable casualty or misfortune, preventing the party from prosecuting or defending." Where the lawyer fails to respond to the lawsuit, even if through inadvertence, there is no ground for vacation of a default judgment for unavoidable casualty or misfortune preventing the defense of the lawsuit. Where the evidence is "only carelessness on the part of the attorney in allowing such default to be taken, and that the exercise of proper care and reasonable diligence could have kept him properly advised as to the proceedings and enabled him to appear and defend, such negligence by the attorney in the performance of his duty cannot be considered such unavoidable casualty or misfortune as prevented the party from defending within the purview of this statute, and the trial court did not err in overruling the petition." *Vincent v. Kelly*, 121 Okla. 302, 249 P. 942 (1926) (syllabus by the court).

¶5 For these reasons, we affirm the order denying Cloe J. Wilson's motion to vacate the default judgment.

AFFIRMED.

JOPLIN, J., concurs.

HANSEN, P.J., not participating.

---

1. Bill J. Wilson did not appeal the denial of the motion to vacate as to him.

2. Mrs. Wilson mentions a denial of due process on the ground that in the order against her husband the court stated that he had not stated a defense which would result in a change of judgment. The court stated that Mr. Wilson had

apparently allowed the denial of a permit to become final by failure to appeal that administrative action. The court further stated that it was not satisfied that there might be any different outcome if this case were reopened for further proceedings. The order against Mrs. Wilson, however, did not state reasons why the court denied her motion to set aside default judgment.