2005 OK CIV APP 7

**Darin BICKNELL, Plaintiff/Appellant,**

v.

**John D. RANDOLPH, M.D., Deborah McCollum, M.D., and James Brennan, M.D., Defendants/Appellees.**

**No. 99,594.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 27, 2004.

Rick W. Bisher, Bryan A. Plank, Ryan Bisher Ryan, Oklahoma City, OK, for Plaintiff/Appellant.

Hilton H. Walters, Janice M. Dansby, Jamie K. Bruehl, Rife & Walters, Oklahoma City, OK, for Defendants/Appellees, John D. Randolph, M.D. and James Brennan, M.D.

J. Roger Hurt, Leslie D. Guajardo, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Oklahoma City, OK, for Defendant/Appellee, Deborah McCollum, M.D.

BAY MITCHELL, Presiding Judge.

¶1 Appellant Darin Bicknell (Bicknell) appeals from an order of the trial court dismissing with prejudice his medical malpractice claim against Appellees John D. Randolph, M.D., Deborah McCollum, M.D., and James Brennan, M.D. (collectively Physicians) pursuant to 12 O.S.2001 § 1083 and Rule 9, Rules for the District Court, 12 O.S. Ch. 2, App. We find this case is controlled by the similar decision in *Boston v. Buchanan*, 2003 OK 114, 89 P.3d 1034. We thus reverse the order dismissing the action pursuant to § 1083, and remand for the trial court to determine, pursuant to Rule 9, whether Physicians suffered any prejudice from Bicknell's failure to prosecute.

¶2 Bicknell filed a petition for medical malpractice in 1996 arising out of a surgery performed by Physicians in 1994. The parties exchanged written discovery and conducted depositions of the parties. However, the trial court *sua sponte* dismissed Bicknell's case without prejudice in 2001 for failure to prosecute. Bicknell then timely refiled his petition on March 6, 2002. No activity except filing a change of address form occurred until August 2002, when Bicknell successfully served the petition and summons on all Physicians. The Physicians filed answers in September 2002, and also served interrogatories and requests for production. Among other requests, Physicians requested a signed medical authorization, a list of all potential witnesses and expert witnesses, medical records, and updated information. Significantly, Bicknell failed to respond to this discovery, and never requested an extension of time. However, Physicians did not file a motion to compel. Instead, on March 7, 2003, Physicians filed a joint motion to dismiss for failure to prosecute pursuant to Rule 9 or § 1083, or as a discovery sanction pursuant to 12 O.S. Supp.2002 § 3237.

¶3 A hearing was held on the motion to dismiss on April 17, 2003. At that time, the case had been on file for approximately thirteen months. According to the docket, the only action taken by Bicknell besides serving the petition was filing a change of address and responding to the motion to dismiss. Significantly, even after Physicians filed the motion to dismiss, Bicknell took no action, such as answering the discovery or filing a motion to enter. During the hearing, Bicknell's counsel requested and was granted an *ex parte* meeting with the judge in chambers to discuss why his case should not be dismissed. After the hearing, the court determined the case should be dismissed pursuant to Rule 9 and § 1083. Because neither the *ex parte* meeting nor the hearing was transcribed, and Bicknell failed to create a narrative statement, the appellate record is limited to the trial pleadings.

¶4 The court found that Bicknell failed to file any pleadings or take any other action to prosecute the case after filing the petition in March of 2002. Significantly, the court stated that although Bicknell's counsel had communications with consulting experts, he had failed to list any as expert witnesses. In

addition, the court found that his in-chambers explanation "did not amount to good cause or explain why plaintiff failed to file any pleading to place the case at issue, answer written discovery, or otherwise prosecute his case." Further, the court found that although Bicknell's failure to answer discovery was not solely a basis for dismissal, it was "further evidence of his failure to prosecute his case."

■ ¶ 5 First, we are constrained by *Buchanan* to find that the dismissal pursuant to 12 O.S.2001 § 1083 was erroneous because this action was "at issue." *Buchanan*, ¶ 7, 89 P.3d at 1038. Section 1083 provides:

> Any action which is *not at issue* and in which no pleading has been filed or other action taken for a year and in which no motion or demurrer has been pending during any part of said year shall be dismissed without prejudice by the court on its own motion after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket.

(emphasis added). The Oklahoma Supreme Court has stated that a case is "at issue" when:

> [I]ssues are made up, or when the defendant has failed to plead within the time allowed by law or by an order of the court. This will most often occur when an answer is filed and no further pleadings are necessary.

*Buchanan*, ¶ 7, 89 P.3d at 1038. In *Buchanan*, the court held that the case was at issue because answers had been filed and no further pleadings were necessary. *Id.* Here, all the Physicians had filed answers to the petition and no further pleadings were required. Thus, the case was at issue and the court erred by dismissing this case under § 1083.[1]

■ ¶ 6 Even though § 1083 does not apply, Rule 9 can still be an independent basis for dismissing an action for failure to prosecute based on the court's inherent power.[2] *Buchanan*, ¶ 14, 89 P.3d at 1040. However, the Supreme Court emphasized in *Buchanan* that the trial court must apply the correct criteria and make sufficient factual findings to support a dismissal under Rule 9. *Buchanan*, ¶ 42, 89 P.3d at 1045. When the trial court applies an incorrect legal standard, that issue is reviewed *de novo*. *Id.*, ¶ 40, 89 P.3d at 1045. Buchanan is a complex decision, but the analysis regarding Rule 9 requires that the trial court discuss at least two issues: 1) that the plaintiff failed to show good cause why his case should not be dismissed; and 2) that the defendant was prejudiced by the failure to prosecute. *Buchanan*, ¶¶ 20, 35, 89 P.3d at 1041, 1044.

■ ¶ 7 The trial court's determination on the issue of whether good cause has been shown is reviewed only for an abuse of discretion. *Id.*, ¶¶ 15, 16, 89 P.3d at 1040. However, the court, in exercising its discretion, should be mindful of the policy favoring the deciding of legal controversies on their merits. In other words, if the order results in a dismissal with prejudice, the court must take a closer look at the circumstances. *Id.*, ¶¶ 17, 26, 89 P.3d at 1040, 1042.

■ ¶ 8 Bicknell contends he showed good cause because he had to hire new lawyers who spent time organizing medical records and conducting research; they filed a change of address; they consulted with at least six expert witnesses; much of the discovery had been finished in the first case; and the effect of the dismissal would be with prejudice. However, Bicknell presumably presented each of these arguments to the trial court at the hearing, and the trial court specifically found that Bicknell had failed to prosecute and failed to show good cause for that failure. This Court was not presented with any record beyond the trial briefs upon

---

1. We refuse to consider Physicians' argument that the definition of "at issue" in *Buchanan* is erroneous, because it is binding on this Court. We do note, however, that this issue drew a dissent from four Justices, who argued that the majority definition rendered § 1083 meaningless.

2. Rule 9(b) provides in relevant part:

> Where an action is not diligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action without prejudice.

which to review this decision. The burden of providing an appellate record adequate for this Court to review is on Bicknell. *Smith v. The Baptist Foundation of Okla.,* 2002 OK 57, ¶ 27, 50 P.3d 1132, 1144 (appellant has burden of presenting adequate record to support issues raised); *Reeves v. Agee,* 1989 OK 25, ¶ 15, 769 P.2d 745, 753 n. 19 (if error cannot be determined from incomplete, deficient or equivocal record, appellate court must presume trial court decision was legally correct). We are unable to take a close look at the circumstances to determine whether the dismissal was an abuse of discretion, because Bicknell failed to provide us with an adequate record to review. From the appellate record before us, we do not find an abuse of the trial court's discretion.

¶ 9 Second, the Supreme Court held that prejudice to the defendants must also be considered. *Buchanan,* ¶ 35, 89 P.3d at 1044. In *Buchanan,* the narrative statements submitted by the plaintiff and the court, as well as the order of dismissal were all silent regarding prejudice.[3] *Id.,* ¶ 37, 89 P.3d at 1044–45. The defendants' version of the narrative statement, however, stated they had been prejudiced by defending this case for eight years, *but did not provide any specific facts or identify the nature of the prejudice. Id.,* ¶¶ 37–38, 89 P.3d at 1044–45. The Court held that the passage of time alone was not sufficient to show prejudice. *Id.,* ¶ 41, 89 P.3d at 1045. Because the Supreme Court could not make initial findings of fact on appeal, they reversed and remanded for the trial court to determine whether this case was proper for dismissal pursuant

to the standards they had set out under Rule 9. *Id.,* ¶ 41, 89 P.3d at 1045.

¶ 10 Here, we note that Physicians emphasized the length of time that had passed since the alleged malpractice and the fact that witnesses had probably forgotten key information. In addition, they argued that they could not provide specific details of prejudice because Bicknell had failed to identify witnesses or provide other critical discovery. Although the trial court may have considered these items in making a decision regarding prejudice, the court did not actually make a finding on prejudice. As in *Buchanan,* we cannot make a first-instance finding of prejudice or presume from the deficient record that the court made all the findings necessary to support its order. *The Supreme Court required a specific finding of prejudice or at least specific evidence of prejudice in the record, even though the appellant in Buchanan failed to produce a sufficient appellate record for review.* The same is true in the case before us. We thus reverse and remand this decision for the trial court to determine whether there was any prejudice to the Physicians from Bicknell's failure to prosecute.[4]

HANSEN, J., and JOPLIN, J., concur.

---

3. In *Buchanan,* the narrative statement did not comply with Supreme Court Rule 1.30 because the appellant and appellees submitted conflicting statements regarding what happened at the hearing, and the trial court did not resolve this dispute, but instead sent all three statements with the record. *Buchanan,* ¶¶ 30–32, 89 P.3d at 1044.

4. We will not consider Bicknell's final argument that this was an inappropriate sanction pursuant to 12 O.S. Supp.2002 § 3237, because there is no indication that the court dismissed this action as a discovery sanction. The only grounds given by the court for dismissal were § 1083 and Rule 9.