2005 OK CIV APP 93

Kimberly COULSEN, an individual; Mary Kirk and Donnell Richison, Mother and Father of Kimberly Coulsen, Plaintiffs/Appellants,

v.

Oscar Lee OWENS, an individual, Defendant/Appellee,

and

Progressive Northern Insurance Company and West American Insurance Company, Garnishees.

No. 101,641.

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 6, 2005.

Certiorari Denied Nov. 21, 2005.

William R. McMahon, Jr., Tulsa, OK, for Appellants.

Bob L. Latham, Roni S. Rierson, Brian J. Goree, Latham, Stall, Wagner, Steele & Lehman, P.C., Tulsa, OK, for Appellee.

Opinion by JERRY L. GOODMAN, Presiding Judge.

¶1 Plaintiffs Kimberly Coulsen and her parents, Mary and Donnell Richison, appeal the trial court's December 13, 2004, order vacating its earlier judgment, filed March 11, 2004, which had been obtained by default against Defendant Oscar Lee Owens when Defendant's attorney failed to timely file an answer to Plaintiffs' petition. Plaintiffs sought to collect their judgment from Defendant's insurer, Garnishees Progressive

Northern Insurance Company and West American Insurance Company. Garnishees filed a motion to vacate the default judgment. The trial court conducted an evidentiary hearing and granted the motion to vacate. Plaintiffs appeal. Based upon our review of the facts and applicable law, we reverse.

## FACTS

¶ 2 Plaintiff Coulsen, an adult, was a passenger on a motorcycle operated by Defendant when the latter lost control and crashed, ejecting Plaintiff, who suffered extensive injuries, including a broken neck, broken right leg, and facial injuries. Plaintiffs Richison, Coulsen's parents, incurred medical expenses and loss of use of their daughter's services. Plaintiffs filed suit February 5, 2004. Their petition, set out three "causes of action." [1] Their petition did not generically request damages in excess of $10,000.00 as required by 12 O.S.2001, § 2008(A)(2), but rather specifically requested damages of $375,000.00, plus costs and interest. Service of process was served on February 10, 2004, by certified mail.[2]

¶ 3 According to the record, Defendant Owens timely sent the summons and petition to his insurance company which, in turn, forwarded it to its local counsel in Tulsa. Local counsel testified that he reviewed the petition and discerned flaws therein. He therefore directed an associate in his office to prepare a motion to dismiss to file in the matter instead of an answer. However, local counsel did not timely file either an answer or the motion to dismiss. Instead, local counsel believed the associate had filed the pleading, while the associate believed local counsel had filed the pleading. Local counsel did not review the file until April 22, 2004, when he discovered that no answer or other responsive pleading had been filed. Although local counsel stated that during this time he was in the process of expanding his office space, he admitted that this expansion was essentially completed before the summons and petition were found laying on his desk.

¶ 4 Thus, at the end of the twenty-day answer period set out in 12 O.S.2001, § 2012(A)(1)(a), Defendant had not filed any responsive pleading or answer. On March 11, 2004, either 30 or 31 days after service,[3] Plaintiffs appeared before the trial court, gave testimony, and were awarded the sum of $375,000.00 against Defendant. There is nothing in this record to suggest Plaintiffs gave notice to Defendant that they intended to take a default judgment.

¶ 5 Following judgment, Plaintiffs attempted to collect the judgment by filing a garnishment action against Defendant's insurance carrier. The insurance carrier contacted local counsel, who then discovered the responsive pleading on his desk. Despite the fact that no answer had been timely filed and that a default judgment had been taken against Defendant, local counsel did not immediately file an answer. Instead, local counsel called Plaintiffs' counsel. Local counsel asked Plaintiffs to voluntarily vacate the judgment. Plaintiffs asked local counsel for copies of all insurance policies which might afford coverage. Plaintiffs were provided that information, but for reasons unclear from the record, did not voluntarily vacate the judgment.

¶ 6 It was not until July 1, 2004, more than three months after the default judgment was granted, that local counsel filed a petition to vacate the March 11 judgment. The petition set out the following grounds for vacation, pursuant to 12 O.S.2001, § 1031:

> The district court shall have power to vacate or modify its own judgments or

---

**1.** Stated correctly, Plaintiffs' petition sets out but one cause of action, with multiple theories of recovery arising out of these facts. *See Cales v. Le Mars Mut. Ins. Co.*, 2003 OK CIV APP 41, ¶ 5, 69 P.3d 1206, 1208.

**2.** The summons, filed February 19, 2004, and the trial court's March 11, 2004, order of default judgment both state Defendant was served by certified mail on February 10, 2004. An examination of both the return of service form, filed February 19, 2004, and the U.S. Postal Service Form 3811 (green card), both indicate service was obtained February 11, 2004. Defendants acknowledge service on February 10. This discrepancy, though not relevant to our analysis, is noted.

**3.** See Footnote 2.

orders within the times prescribed hereafter:

. . .

3. For mistake, neglect, or omission of the clerk or irregularity in obtaining a judgment or order;

. . .

4. For fraud, practiced by the successful party, in obtaining a judgment or order;

. . .

7. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending;

¶ 7 Following an evidentiary hearing on September 23, 2004, the trial court, after reviewing *American Bank of Commerce v. Chavis*, 1982 OK 66, 651 P.2d 1321, found that an unavoidable casualty occurred; that the matter should be resolved on its merits; and that it would be unfair not to vacate the judgment.[4] The trial court then vacated the default judgment, a decision which was memorialized in an order filed December 13, 2004. Plaintiffs appeals.

### STANDARD OF REVIEW

■ ¶ 8 The standard of review of a trial court's ruling either vacating or refusing to vacate a judgment is whether the trial court abused its discretion. In *Hassell v. Texaco, Inc.*, 1962 OK 136, ¶ 14, 372 P.2d 233, 235, this court held:

An application to vacate a judgment is addressed to the sound legal discretion of the trial court, and the order made thereon will not be disturbed on appeal unless it clearly appears that the trial court abused its discretion.

■ ¶ 9 Considerations involved in review of the exercise of discretion on motions to vacate default judgments include: 1) default judgments are not favored; 2) default judgments are distinguishable from cases where parties have had the opportunity to be heard

on the merits; 3) judicial discretion should be exercised so as to promote the ends of justice; 4) a stronger showing of abuse of discretion is required where a default judgment has been vacated than in cases where vacation was denied; 5) the potential for substantial hardship resulting from the decision whether to vacate. *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.*, 2000 OK 78, ¶ 5, 13 P.3d 480, 481, citing *Midkiff v. Luckey*, 1966 OK 49, 412 P.2d 175; *Burroughs v. Bob Martin Corp.*, 1975 OK 80, 536 P.2d 339; *Hamburger v. Fry*, 1958 OK 287, 338 P.2d 1088; *Latson v. Eaton*, 1957 OK 105, 311 P.2d 231.

### ANALYSIS

¶ 10 The issue before this court on appeal is whether the trial court abused its discretion when it vacated its earlier default judgment pursuant to its finding that an unavoidable casualty occurred pursuant to 12 O.S. 2001, § 1031(7). In support of their respective positions, the parties raise several issues in their appellate briefs, which we address in turn.

### Violation of 12 O.S.2001, § 2008(A)(2)

■ ¶ 11 We find no merit to the argument advanced by Defendant that service of process upon Defendant was defective because Plaintiffs' petition did not generically request damages "in excess of $10,000," but instead chose to plead for specific damages in the amount of $375,000.00. This violation of § 2008(A)(2) is irrelevant to the issue of whether or not proper service of process was obtained. While it may be relevant to the issue of whether the petition itself is defective, it is not relevant to the issue of whether service of that petition is defective. We further note that § 2008(F) requires all pleadings be construed "as to do substantial justice." While Plaintiffs' counsel should abide by the pleading code, a violation of this section is not sufficient grounds to warrant va-

---

4. Though nothing in the trial court's December 13, 2004, order, nor any statements from the bench, directly cite § 1031(7) as the basis for its decision, the tenor of the hearing was unmistakable. There was no evidence presented, nor any arguments raised regarding any mistake of the

court clerk, or any fraud practiced by Plaintiffs. The entire hearing centered on testimony and case law regarding whether an attorney failing to timely file an answer constituted an act of unavoidable casualty.

cation of an otherwise properly served petition.

¶ 12 Closely related to this issue is Defendant's argument that a default judgment is void on its face if it purports to grant judgment for unverified, unliquidated future damages, such as *future pain and suffering*. *Reed v. Scott*, 1991 OK 113, 820 P.2d 445. We reject this argument, however, because the trial court made a specific finding of fact during the hearing that Plaintiff did not seek future, unliquidated damages when she obtained her judgment, but rather sought actual damages arising from her injuries.

¶ 13 Likewise, we find no merit to the Defendant's argument that Plaintiff Coulsen was an adult, and therefore her parents had no theory of recovery upon which they could pursue a claim against Defendant. Again, this issue goes to the merits of one of Plaintiffs' theories of recovery, but has no relevance to the sufficiency of service of that petition.[5]

¶ 14 We further find no merit to the argument that, because the *certified mail* delivery was not designated "restricted," service is somehow invalid. Under these facts, because there is no dispute that Defendant received the summons and petition, forwarded it to his insurance company which, in turn, gave it to local counsel, we hold service is valid. Defendant and his counsel were on notice of the pending lawsuit.

¶ 15 Both parties and the trial court rely on *American Bank of Commerce v. Chavis*, 1982 OK 66, 651 P.2d 1321 as authority for their respective positions. The trial court recessed the evidentiary hearing in order to review the holding in *Chavis*, and specifically cited *Chavis* in support of its decision to vacate the default judgment. We hold, under these facts, such reliance was an abuse of discretion.

¶ 16 In *Chavis*,

Summons was served on Chavis on June 20, 1978, specifying an answer date of July 24, 1978. Before answer date, Chavis de-

livered a copy of the petition and summons to his attorney, Jernigan, who agreed to represent Chavis.

Through some inadvertence, Chavis's pleadings were marked "calendared" but were not placed on the docket book of the firm.

Shortly before July 28, Jernigan became aware that the answer date had passed. He telephoned a deputy court clerk and was advised no action to take judgment had been initiated. The information from the deputy court clerk was in error....

*Chavis*, at ¶¶ 2, 3, and 4, 651 P.2d at 1322.

¶ 17 The Plaintiff in *Chavis* had, in fact, obtained a default judgment on July 25. Chavis' attorney filed an entry of appearance on July 28, three days after the default judgment was taken. Chavis later obtained an order vacating the default judgment. When the plaintiff appealed, the Oklahoma Supreme Court held:

This Court has repeatedly held that the negligence of an attorney while representing his client is imputed to the client and constitutes negligence of the client, and *accordingly does not constitute unavoidable casualty and misfortune, justifying the vacation of a judgment.* (Footnotes omitted.)

. . .

We are mindful that an attorney's negligence in such matters as filing timely pleadings or docketing court appearance *if too readily excused* encourages shoddy law practice and rewards the negligent at the expense of the vigilant. We are also aware that such negligence, if too generously excused, is a potential device for delaying unduly the trial of a case. (Emphasis added.)

*Chavis*, at ¶¶ 9, 13, 651 P.2d at 1323–4.

¶ 18 The Court in *Chavis* clearly stated that the simple act of negligently failing to timely file an answer is, by definition, not an unavoidable casualty. Further, such acts of negligence should not be too readily excused, as doing so countenances shoddy practice

---

5. The record is silent as to whether Plaintiff's parents incurred medical bills as guarantors of their daughter's medical bills and, therefore, whether they have a valid claim for indemnification. That is a substantive matter beyond the scope of our inquiry.

and encourages delays. The Court went on, however, to carve out an exception to its rule:

Here, a breakdown in office procedure, *together with reliance upon misinformation* received by telephone from a deputy court clerk resulted in Chavis's attorney filing an entry of appearance in the case *four days after* the appearance date indicated on the summons and *three days after default judgment was taken* by the plaintiff in the cause. *Under the facts and circumstances of this case, we hold that the trial court did not clearly abuse its discretion* in setting aside the default judgment, and the ruling of the trial court is therefore affirmed. · (Emphasis added.)

*Chavis*, at ¶ 14, 651 P.2d at 1324. Thus, in *Chavis*, it was no abuse of discretion to vacate a default judgment obtained as a result of an attorney's negligence, which was due in large part to invalid information obtained from an official court source who would normally be considered reliable.

¶ 19 The holding in *Chavis* has been examined repeatedly by our courts. Our research reflects that, under similar facts, our courts have reached different conclusions as to whether an abuse of discretion has occurred. At one end of the spectrum are cases holding that the trial court's refusal to vacate a default judgment was not an abuse of discretion.

¶ 20 In *Ross v. Pace*, 2004 OK 13, 87 P.3d 593, the plaintiff's attorneys were served with discovery requests, to which they did not respond. After repeated attempts to obtain compliance, the defendant filed a motion for summary judgment, asking that the unanswered requests for admission be deemed admitted. The trial court granted summary judgment. Plaintiff filed a motion to vacate the judgment, stating they failed to answer because "the firm was in the process of referring the file to an outside attorney." *Ross*, ¶ 7. Too late, they discovered their omission.

¶ 21 The Court held:

Given the number of opportunities Ross's attorneys were afforded to respond to the requests for admission from Pace, and the notice of motion for summary judgment and the hearing set in the matter, we do not find this to be a close case. The trial court did not abuse its discretion in refusing to vacate the default judgment.

*Ross*, ¶ 12, 87 P.3d at 595.

¶ 22 Likewise, a division of the Court of Civil Appeals in *Board of Trustees of the Town of Davenport v. Wilson*, 1998 OK CIV APP 4, 953 P.2d 764, stated:

Next we address whether failure to respond to the lawsuit after good service is a ground to vacate the judgment pursuant to 12 O.S.1991 § 1031 (Seventh)—"unavoidable casualty or misfortune, preventing the party from prosecuting or defending." Where the lawyer fails to respond to the lawsuit, even if through inadvertence, there is no ground for vacation of a default judgment for unavoidable casualty or misfortune preventing the defense of the lawsuit. *Where the evidence is "only carelessness on the part of the attorney in allowing such default to be taken, and that the exercise of proper care and reasonable diligence could have kept him properly advised as to the proceedings and enabled him to appear and defend, such negligence by the attorney in the performance of his duty cannot be considered such unavoidable casualty or misfortune as prevented the party from defending within the purview of this statute, and the trial court did not err in overruling the petition." Vincent v. Kelly*, 121 Okla. 302, 249 P. 942 (1926) (syllabus by the court). (Emphasis added.)

*Davenport*, at ¶ 4, 1998 OK CIV APP at 765.

¶ 23 At the other end of the spectrum are cases holding that, under specific circumstances, refusing to vacate a default judgment was an abuse of discretion. In *Nelson v. Nelson*, 1998 OK 10, 954 P.2d 1219, a *pro se* plaintiff in a divorce action failed to timely answer a pleading because he believed the issue of his visitation rights was being settled, and no answer was necessary. This resulted in the grant of a default judgment against him. The Oklahoma Supreme Court held:

Here, nothing in the petition, in [an] Administrative Order ..., or in the settlement negotiations with the wife, put the

husband on notice that his visitation rights were in jeopardy. We find that, under these facts, the trial court abused its discretion by failing to vacate the default judgment.

*Nelson,* at ¶ 23, 954 P.2d at 1227.

¶ 24 In *Heitman v. Brown,* 1996 OK CIV APP 148, 933 P.2d 948, the parties were in trial when the trial court recessed for the day. The second day of testimony was rescheduled to resume in two months. Counsel misdocketed the rescheduled time and did not appear when the hearing began. Less than two hours later, the attorney spoke with the judge to explain the mixup, but was informed that a default judgment had already been granted against her client. The attorney sought to vacate the judgment the next working day, but this request was denied by the trial court. The Court of Civil Appeals held:

> In the instant case, this Court holds neither the gravity of the inadvertence nor the neglect of Tom's counsel is such as ought, under the particular circumstances, to deprive Tom of his day in court. Moreover, Tom demonstrated sufficient cause to warrant a vacation of the default judgment.

*Heitman* at ¶ 19, 933 P.2d at 951.

¶ 25 In *Davis v. Oklahoma Employment Security Commission,* 1991 OK CIV APP 29, 817 P.2d 741, the appellant received an adverse ruling from the Oklahoma Employment Security Commission. A petition for review was required to be filed within ten days of the ruling, but appellant's counsel, believing he had thirty days in which to file, did not timely file an appeal. This court, noting that the client had urged her attorney to appeal the commission's decision immediately, and that there were statutory grounds providing for the waiver of the ten-day filing period if "good cause" could be shown, held that, under these facts, good cause was shown and the 10–day filing period was waived, permitting the plaintiff to complete her appeal. *See also, Branch v. Ameriresource Group, Inc.,* 2001 OK CIV APP 86, 29 P.3d 605.

¶ 26 In *Tedford v. Divine,* 1987 OK 18, 734 P.2d 283, counsel became ill and missed a filing deadline. A default judgment was taken, but vacated by the trial court. The Oklahoma Supreme Court held:

> In the present case, the trial court was apprised of appellee's counsel's illness when it made its decision to set aside the default judgment. Because the illness was an event which human prudence, foresight and sagacity could not prevent, the trial court's decision was valid. Also, the trial court knew at the time of its decision that the office procedure of appellee's counsel did not notify counsel that the due date was past.... In the present case, the trial court did not abuse its discretion by vacating the default judgment based on the particular facts. Because the trial court knew of the counsel's illness and office procedure breakdown, this was sufficient evidence to constitute an "unavoidable casualty" under § 1031.

*Tedford,* at ¶ 6, 734 P.2d at 285.

¶ 27 The facts in the case under review place it closer to those cases where vacation of a default judgment was considered to be an abuse of discretion. We start with the premise set out in *Chavis* that missing a statutory deadline to file a responsive pleading, due only to the negligence of an attorney, by itself, is not an unavoidable casualty as contemplated by § 1031.1(7). We note there were no extenuating circumstances present under these facts. There was no reliance on erroneous docket information supplied by a court clerk (*Chavis*), illness (*Tedford*), or misdocketing (*Heitman*). Nor were the parties in the middle of a hearing when the default occurred (*Branch*). The parties were not proceeding *pro se* (*Nelson*) but were each represented by counsel. Finally, unlike hearings before the Oklahoma Employment Security Commission, there is no statutory provision permitting the waiver of the filing period for good cause (*Davis*). We further find that, unlike the attorneys in *Ross,* Defendant did not ignore repeated requests to comply with a deadline. This is simply a case wherein an attorney failed to timely file an answer to a petition. As set out earlier, that alone is not sufficient under *Chavis,* the case relied on by the trial court, to support a finding of unavoidable casualty.

¶28 We are aware of public policy favoring resolution of cases on their merits and against default judgment. We are further aware that the record suggests Defendant has several defenses available to him which he was unable to assert. Further, there may be liability coverage issues involved which may render part of Plaintiffs' judgment uncollectible. On the other hand, Plaintiffs, upon filing their petition, are entitled to rely on the time periods set out in the statutes and are further entitled to rely on the procedures which require a party seeking to vacate a judgment to shoulder the burden of proof to show that an unavoidable casualty has occurred. *Cosgrove v. Stewart,* 1963 OK 251, ¶11, 386 P.2d 998, 1001.

¶29 In summary, Defendant's attorney knew of the approaching answer date and prepared a motion to dismiss, but, nevertheless, allowed the responsive pleading to sit on his desk. Further, he did not file a motion to vacate until more than three months after the answer date elapsed. Thus, Defendant did not prove that an unavoidable casualty prevented filing.

¶30 We hold the trial court abused its discretion when it concluded the facts in the case before it were so similar to those in *Chavis,* that *Chavis* was controlling and dispositive. *Chavis* is distinguishable on its facts, and therefore not dispositive. The trial court's decision to vacate the default judgment is reversed.

¶31 REVERSED.

RAPP, V.C.J., concurs, and STUBBLEFIELD, J., dissents.

STUBBLEFIELD, J., dissenting:

I would affirm.