2006 OK CIV APP 102

**Beverly GUGELLO, as Personal Representative of the Estate of Eileen Horn, Deceased, Plaintiff/Appellee,**

v.

**SELECT SPECIALTY HOSPITAL–TULSA, INC., Defendant/Appellant.**

**No. 102,545.**

Court of Civil Appeals of Oklahoma, Division No. 4.

July 11, 2006.

Rehearing Denied Aug. 7, 2006.

520

John W. Norman, Mark A. Cox, Norman & Edem, PLLC, Oklahoma City, OK, for Plaintiff/Appellee.

R. Scott Fraley, Dallas, TX, for Defendant/Appellant.

Opinion by DOUG GABBARD II, Presiding Judge.

¶1 Defendant, Select Specialty Hospital–Tulsa, Inc., appeals the trial court's order vacating its earlier dismissal of a wrongful death lawsuit filed by Plaintiff, Beverly Gugello. For the following reasons, we affirm and remand for further proceedings.

## FACTS

¶2 On May 21, 2002, Plaintiff filed a wrongful death lawsuit against Defendant alleging that her mother had died as a result of negligent care received while a resident of Defendant. On May 28, 2003, Plaintiff voluntarily dismissed the lawsuit. On June 27, 2003, Plaintiff refiled her lawsuit, but did not issue summons. On October 7, 2003, the trial court entered an order of dismissal without prejudice pursuant to District Court Rule 9(a), 12 O.S.2001 ch. 2, app., which provides:

> In any case in which summons is not issued or waiver filed within ninety (90) days after the filing of the petition, or alias summons is not issued within thirty (30) days after return of the summons not served, the action may be dismissed by the court without notice to the plaintiff.

The lawsuit was dismissed without prior notice to Plaintiff, and the court record does not indicate that a copy of the dismissal was mailed to Plaintiff. Plaintiff alleges that notice of the dismissal was by publication only.

¶3 On July 20, 2005, one year and nine months after the Rule 9(a) dismissal, Plaintiff filed a motion to vacate the dismissal. Without explaining why she failed to timely issue summons, Plaintiff asserted that the statute of limitations had now expired and she could not receive her day in court unless the dismissal was vacated. She did not explain the statutory grounds on which she relied, but asserted that the trial court had discretion to vacate its order under its inherent power to

control its docket.[1] Defendant filed a response, arguing that Plaintiff had not stated a valid excuse for failing to issue summons and that she failed to state any statutory grounds for vacating the dismissal. Defendant also asserted that the doctrine of laches should bar granting the motion to vacate.

¶ 4 Following a hearing,[2] the trial court vacated its earlier order of dismissal, finding as follows:

> Based upon the representations made by plaintiff in the motion, and for good cause shown, the Court finds that its earlier Order of Dismissal Pursuant to Rule 9(A) entered on October 6, 2003 and filed October 7, 2003, should be vacated.

Defendant appeals.

## STANDARD OF REVIEW

¶ 5 An order disposing of a motion to vacate is subject to an abuse-of-discretion standard of review. *Kordis v. Kordis*, 2001 OK 99, ¶ 6, 37 P.3d 866, 869.

## ANALYSIS

¶ 6 In its first proposition of error, Defendant argues the trial court abused its discretion by vacating its dismissal order without a valid basis of law. Defendant argues that Plaintiff's motion to vacate did not satisfy the requirements of 12 O.S.2001 § 1031. Plaintiff responds[3] that the motion to vacate was justified under either Subsection Third of that statute or the court's *inherent* power.

 ¶ 7 Subsection Third of § 1031 authorizes vacation of a dismissal "[f]or mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order[.]" The subsection is primarily concerned not with the substance of an order, but with whether a "serious jurisdictional defect exists, such as lack of service, notice, or jurisdiction of either the parties or subject

matter." *VanNort v. Davis*, 1990 OK CIV APP 95, ¶ 9, 800 P.2d 1082, 1085.

 ¶ 8 In this case, the trial court dismissed Plaintiff's petition pursuant to District Court Rule 9(a), which authorizes the dismissal of suits in which summons is not issued within 90 days. The Rule promotes judicial economy and is designed to ensure the efficient administration of justice and to encourage lawyers to diligently represent their clients. It provides that notice is not required *prior to* a dismissal. The rationale for not requiring prior notice is clear. Title 12 O.S.2001 §§ 2004(C)(1)(a) and (C)(2)(a) provide that the issuance of summons is within the sole discretion and "(a)t the election of the plaintiff." Because Plaintiff's attorney in the case at bar filed the lawsuit with knowledge that he would be solely responsible for having summons issued, and presumably should know whether he did so, prior notice of the dismissal was unnecessary.

¶ 9 However, in raising § 1031(Third) as a ground for vacating the dismissal, Plaintiff implies that her attorney's lack of diligence was an "irregularity" which should not be imputed to her. On this issue, we find the case of *Davenport v. Wilson*, 1998 OK CIV APP 4, 953 P.2d 764, instructive. In that case, the plaintiff claimed "irregularity" because of his attorney's failure to respond to a lawsuit on his client's behalf. The Court disagreed, holding that the lawyer's failure to respond was attributable to the plaintiff and was not, therefore, an "irregularity" for purposes of § 1031. Accordingly, consistent with *Davenport*, we find that vacation of the dismissal in the case at bar was not authorized by § 1031(Third).

 ¶ 10 Plaintiff also argues that the district court had the authority to vacate the dismissal under its *inherent* power. In this regard, the Oklahoma Supreme Court has

---

1. According to Defendant, Plaintiff filed a third, identical lawsuit in October 2004, and then filed her motion to vacate only after Defendant asserted the third lawsuit was barred by limitations.

2. A transcript of the hearing was not made or designated as a part of the appellate record in this case.

3. Although Plaintiff's motion to vacate did not refer to 12 O.S.2001 § 1031 (Third), on appeal she argues that it applies. We have held that a party is not limited by statute to raising, on appeal, only the grounds asserted in her motion to vacate. *Bohm, Inc. v. Michael*, 2002 OK CIV APP 60, 46 P.3d 1286.

long recognized the inherent power of the trial court to vacate or modify its judgments and orders at any time during the *term* in which they were rendered. *See Crabtree v. Crabtree,* 1966 OK 222, 420 P.2d 494; *Richardson v. Howard,* 1915 OK 631, 151 P. 887. The concept is called "term-time" power, and it was most recently explained by Justice Opala, writing for the Court in *Schepp v. Hess,* 1989 OK 28, ¶¶ 7–9, 770 P.2d 34, 37–38:

> Deeply rooted in the common law is the concept that trial courts retain for a limited period plenary control over their terminal decisions. This power was historically invocable at any time during the term of court in which the judgment was rendered; the authority hence came to be known as "term-time." Although terms of court have been abolished in Oklahoma, the common-law term-time power survived and came to be codified in 12 O.S.1981 § 1031.1; the time limit for invoking this ancient control is now fixed at thirty days from the decision. Once timely invoked, the trial court's term-time power may be exercised after the thirty-day period.
>
> The common-law term-time authority, now statutorily reconfirmed by the terms of § 1031.1 remains undiminished and may not be abridged by case law. The power so reposed in the trial bench is entirely unrestricted by the §§ 651, 1031 or any other statutory grounds. Neither the terms of § 1031.1 nor those of its common-law antecedents restrict the exercise of term-time power to any specific grounds.
>
> Trial judges enjoy plenary term-time control with a "very wide and extended discretion" that has been described as "almost unlimited." While the power to entertain a new-trial motion is limited to § 651 grounds, the § 1031.1 term-time power is coextensive with the common law and hence remains unfettered by statutory grounds.

(Footnotes omitted).

¶ 11 A version of § 1031.1 has been a part of Oklahoma law since 1910.[4] The statute was amended in 1999 and now provides, in part, as follows:

> B. On motion of a party made not later than thirty (30) days after a judgment, decree, or appealable order, prepared in conformance with Section 696.3 of this title has been filed with the court clerk, the court may correct, open, modify, or vacate the judgment, decree, or appealable order. If the moving party did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the moving party, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the moving party within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the motion to correct, open, modify, or vacate ... may be filed no later than thirty (30) days after the earliest date on which court records show that a copy of the judgment, decree, or appealable order was mailed to the moving party....

Under 12 O.S.2001 § 696.2(B), "[a] file-stamped copy of every judgment, decree, or appealable order shall be mailed to all parties who are not in default ... promptly and no later than three (3) days after it is filed." If the judgment, decree, or appealable order was prepared by the court, the court may direct a bailiff, court clerk, or party to perform the mailing and certificate of service required by § 696.2(B).

¶ 12 Although District Court Rule 9(a) provides that an "action may be dismissed by the court without notice to the plaintiff," it is silent as to whether notice must be given *after* the dismissal. That question is clearly answered by § 696.2. Accordingly, we find that a file-stamped copy of every dismissal order entered pursuant to District Court Rule 9(a) must be mailed to a plaintiff before the 30–day time period set forth in 12 O.S. 2001 § 1031.1 commences.

¶ 13 In this case, the trial court docket and appellate record do not indicate the required post-dismissal mailing. It follows, therefore, that the 30–day term-time period had not yet commenced when Plaintiff filed her motion to vacate. Although Defendant alleges that

4. Revised Laws 1910, § 5267.

Plaintiff refiled her lawsuit for a second time in October 2004, thereby implying that she had *actual* knowledge of the dismissal at that time, the appellate record does not contain any evidence of the alleged refiling. Thus, we find that Plaintiff's motion to vacate was filed within sufficient time to invoke the trial court's inherent term-time power.

¶ 14 Defendant also argues that Plaintiff's motion was insufficient to justify the court's action because it failed to state any statutory ground, but merely alleged that failure to vacate the dismissal would deprive Plaintiff of the right to litigate her wrongful death suit. We disagree. As *Schepp* stated, term-time power is not restricted to specific grounds, statutory or otherwise, and the court's power is almost unlimited. *See also Morgan v. Phillips Petroleum Co.* 1949 OK 244, 212 P.2d 663. No "exceptional circumstances" are required.[5] The test for measuring the legal correctness of a trial court's response to such a motion is "whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought." *Schepp* at ¶ 11, 770 P.2d at 39 (footnote omitted). There is no bright line rule as to what constitutes "sufficient cause" justifying the exercise of the trial court's discretion.

¶ 15 For example, in *Jones v. Strain,* 1979 OK CIV APP 48, 603 P.2d 353, the plaintiff sued the defendant to cancel a land sale contract. The trial court entered judgment decreeing that the contract would be cancelled unless within 30 days the defendant paid all monies due. On the day of the deadline, the defendant asked for and received a seven-day extension. The plaintiff appealed. The Court of Civil Appeals affirmed, finding that the defendant's representations to the court that (1) she could get the money, (2) she had already contacted a lender about a mortgage to pay the contract, and (3) she needed a few more days, consti-

tuted "sufficient cause." Similarly, in *Hamburger v. Fry,* 1958 OK 287, 338 P.2d 1088, the Supreme Court noted that the rule of attributing an attorney's negligence to his client for purposes of § 1031 was not applicable to term-time orders, and it vacated a default judgment simply because the defendant's attorney failed to file an answer and appear for a show-cause hearing. The Court went on to state:

[I]n this jurisdiction, it is an abuse of discretion to deny such a motion when all of the circumstances demonstrate said motion could well be granted without serious injustice, and the denial of the motion may result in serious injustice . . .

*Fry* at ¶ 9, 338 P.2d at 1091. *See also Campbell v. Pharr,* 1995 OK CIV APP 153, 916 P.2d 266.

¶ 16 Given the record provided us in this case, we are unable to conclude that the trial court abused its discretion. The record supports a conclusion that the dismissal was vacated because Plaintiff's attorney failed to have summons issued within 90 days and that Plaintiff had been prevented from having her day in court, potentially resulting in a serious injustice to her. The record provided does not indicate actual fault on the part of Plaintiff herself. While we are mindful that litigation should be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity "to have their rights and liberties tried upon the merits." *Beck v. Jarrett,* 1961 OK 162 ¶ 10, 363 P.2d 215, 218; *See Burroughs v. Bob Martin Corp.,* 1975 OK 80, ¶ 23, 536 P.2d 339, 342. Trial courts should be "mindful of the policy favoring the deciding of legal controversies on their merits" and "if the order results in dismissal with prejudice, the court must take a closer look at the circumstances." *Bicknell v. Randolph,* 2005 OK CIV APP 7, ¶ 1, 105 P.3d 843, 846.

---

5. We note that some states, and the Federal Rules of Civil Procedure, have catchall provisions which authorize relief for any justified, unenumerated reason, and that the application of these provisions has often been limited to "exceptional circumstances [which] have denied the moving party a full and fair opportunity to liti-

gate his or her claim and have prevented the moving party from receiving adequate redress or in cases of extreme hardship." 47 Am.Jur.2d *Judgments* § 704 (2006) (footnotes omitted). However, as explained in *Schepp,* Oklahoma's term-time power is a doctrine carried over from common law, and is not a statutory creation.

¶ 17 In this case, the granting of the Rule 9(a) dismissal, even though it was "without prejudice to refiling," effectively resulted in a dismissal with prejudice because the statute of limitations had run. If Plaintiff has a legitimate claim, this results in a grave injustice to her. Moreover, there is no evidence that the reinstatement of her case would work a serious injustice upon Defendant.

¶ 18 Although Defendant's second proposition argues that laches applies, it fails to state how or why. In fact, the appellate record fails to demonstrate that Defendant has been prejudiced. The Supreme Court has clearly stated that mere passage of time alone is insufficient to establish prejudice. *See Boston v. Buchanan,* 2003 OK 114, 89 P.3d 1034.

## CONCLUSION

¶ 19 Accordingly, for the above and foregoing reasons, the trial court's decision vacating its order of dismissal is affirmed, and this matter is remanded for further proceedings.

¶ 20 AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, V.C.J., and REIF, J., concur.