2004 OK 13

**Betty ROSS, Appellant,**

v.

**Betty PACE, Appellee.**

No. 98,149.

Supreme Court of Oklahoma.

Feb. 24, 2004.

David C. Bean, David Garrett Law Office, P.C., Muskogee, OK, for appellant.

Adam Scott Weintraub, Tulsa, OK, for appellee.

WINCHESTER, J.

¶ 1 The issue is whether the trial court abused its discretion in denying the motion of the appellant, Betty Ross, to vacate a default judgment in favor of the appellee, Betty Pace. We hold that the trial court did not abuse its discretion.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2 On October 27, 2000, Ross filed a petition in the district court alleging that she entered an intersection on a green light, and began to turn left when Pace ran through a red light striking Ross's vehicle in the left side, rear panel. Ross was seriously injured by the accident.

¶ 3 Along with her answer denying the allegations in the petition, Pace, on December 1, 2000, filed interrogatories and requests for admission. Pace requested that Ross admit Pace had a green light; Ross had a

red light; Pace had the right of way; and Ross did not have the right of way.

¶ 4 Pace alleged in her brief in support of her motion for summary judgment that she properly sent the discovery documents to Ross via certified mail on November 30, 2000, which Ross received on December 1, 2000. On January 8, 2001, Pace's counsel sent a letter to ask about Ross's responses to the discovery requests. On January 9, 2001, Ross's counsel called, advising that their answers would be late.

¶ 5 On January 15, 2001, Ross's counsel called again requesting a duplicate copy of the discovery requests. Pace's counsel sent the copy, along with a copy of the certified mail return receipt. In his cover letter he asked how long before Ross would respond to the discovery requests. He did not receive an answer.

¶ 6 On February 1, 2001, Pace filed a motion for summary judgment based on Ross's failure to answer the requests for admission. Pace asserted that because Ross did not respond to the requests for admission, they were deemed admitted pursuant to 12 O.S.2001, § 3236.[1] Ross's attorneys admit they received the motion. However, Ross neither replied to the motion nor appeared at the hearing. The trial court granted summary judgment in favor of Pace on March 1, 2001. On March 8, 2001, Ross filed motions to withdraw or amend the admissions and to vacate the order granting summary judgment. On August 1, 2002, the Journal Entry of Judgment was filed denying the motions. Ross appealed and the Court of Civil Appeals reversed and remanded. Pace petitioned for certiorari which this Court granted.

## II. DEFAULT JUDGMENT

■ ¶ 7 Ross's attorneys stated they failed to respond because the firm was in the process of referring the file to an outside attorney. They added that the second copy of the requests for admission and the motion for summary judgment were placed with the file for referral. Therefore, they were unaware the motion was pending until March 6, 2001, when they received the court's order granting summary judgment.

¶ 8 Because Ross failed to respond to Pace's requests for admission within thirty days, the requests were deemed admitted. 12 O.S.2001, § 3236(A). Her actual response time was more than ninety days after the requests for admission were filed, which was when she filed her motion to vacate the order granting summary judgment. Subsection B of § 3236 provides that any matter admitted is conclusively established "unless the court on motion permits withdrawal or amendment of the admission."

¶ 9 With the conclusively established admission that at the scene of the accident Pace had both the green light and the right of way and Ross did not, summary judgment was proper since there would be no substantial controversy as to any material fact. Rules for District Courts of Oklahoma, 12 O.S.Supp.2003, ch. 2, app. 1, Rule 13(a). The issue is whether the district court abused its discretion in refusing to vacate a default judgment.

¶ 10 Under 12 O.S.2001, § 1031.1, when a motion is filed to vacate a judgment within thirty days of the entry of judgment, the trial court enjoys plenary term-time control with a very wide and extended discretion that has been described as almost unlimited. *Schepp v. Hess,* 1989 OK 28, ¶ 9, 770 P.2d 34, 38. The appellate court must determine if the trial court's sound discretion was exercised upon sufficient cause shown. *Schepp,* 1989 OK 28, ¶ 11, 770 P.2d at 39.

■ ¶ 11 "The discretion granted trial judges in opening or vacating their judgments during term extends to a reasonable degree in both directions. Unless the refusal to vacate a default judgment is an abuse of that discretion, such order is not reversible." *Woodruff v. Moore,* 1938 OK 119, ¶ 9, 77 P.2d

---

1. 12 O.S.2001, § 3236(A) provides in pertinent part: "Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney...." 1989 Okla.Sess.Laws, ch. 129, § 12.

62, 63–64. In the Journal Entry of Judgment on the motion to set aside the summary judgment and to withdraw/amend the admissions, the court found certain facts, among them that the plaintiff failed to timely respond to the defendant's requests of admission; that the requests were deemed admitted; that the plaintiff was given good notice and service of the defendant's motion for summary judgment; that the plaintiff was given good and valid notice of the hearing on that motion; and that the plaintiff failed to appear for the hearing. Based on these facts the court denied Ross's motions.

¶ 12 Given the number of opportunities Ross's attorneys were afforded to respond to the requests for admission from Pace, and the notice of motion for summary judgment and the hearing set in the matter, we do not find this to be a close case. The trial court did not abuse its discretion in refusing to vacate the default judgment. Accordingly, we vacate the opinion of the Court of Civil Appeals, and affirm the judgment of the trial court.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.

ALL JUSTICES CONCUR.