2004 OK 11

STATE of Oklahoma, ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

John W. WATSON, Respondent.

No. SCBD 4860.

Supreme Court of Oklahoma.

Feb. 24, 2004.

¶ 0 **Order Approving Resignation from Oklahoma Bar Association Pending Disciplinary Proceedings.**

¶ 1 Before this Court is an affidavit filed by John W. Watson in the above-styled bar disciplinary action, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. ch.1, App. 1A (Supp.1996), requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law, and Complainant's Application for Order Approving Resignation Pending Disciplinary Proceedings.

¶ 2 **UPON CONSIDERATION OF THE MATTER WE FIND:**

1. Respondent John W. Watson executed his resignation pending disciplinary proceedings on December 12, 2003.

2. Respondent's resignation was freely and voluntarily tendered; he was not acting under coercion or duress and he was fully aware of the consequences of submitting his resignation.

3. Respondent was aware that the following grievances were lodged with the Office of the General Counsel of the Oklahoma Bar Association and are presently being investigated:

   (a) DC–03–227—A grievance from his client, David Dodge, in which he was retained to represent his client in a post decree child support matter and

he failed to complete the representation and failed to refund the unearned portion of the fee paid.

(b) DC–03–392—John W. Watson was retained on January 24, 2003, for a fee of $1,500.00 by the plaintiff in Diedre Williams v. Tim Williams, District Court of Tulsa County, Case No. FD–2001–1326. John W. Watson appeared concerning a motion for temporary custody. Thereafter his client could not contact him because of a pending criminal charge against him. His client is seeking a refund of the unearned portion of the fee.

(c) DC–03–393—John W. Watson was retained on April 7, 2003, for a fee of $500.00 to represent Angela M. Donathan in a guardianship matter. Ms. Donathan alleged neglect and a total lack of communication. She is seeking a refund of the unearned portion of the fee.

4. Respondent was aware that the burden of proof regarding the aforementioned complaints rests upon the Oklahoma Bar Association. Respondent waived any and all rights to contest the allegations.

5. Respondent was aware that the complaints lodged and being investigated concerning his conduct, if proven, would constitute violation of the Oklahoma Rules of Professional Conduct and the Oklahoma Rules Governing Disciplinary Proceedings.

6. Respondent has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, and acknowledges that he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings.

7. Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the date of this order.

8. Respondent acknowledges that as a result of his conduct that the Client Security Fund may receive claims from his former clients.

9. Respondent has agreed to reimburse the Client Security Fund the principal amounts and applicable statutory interest for any claims the Oklahoma Bar Association should approve, with the payments being made prior to the filing of any application for reinstatement.

10. Respondent agrees that no costs have been incurred by the Oklahoma Bar Association in the investigation of the above stated matters.

11. The resignation pending disciplinary proceedings executed by Respondent is in compliance with Rule 8.1, Rules Governing disciplinary Proceedings, 5 O.S. ch.1, App. 1A (Supp1996).

12. Respondent's name and address appear on the official roster maintained by the Oklahoma bar Association as: John W. Watson, OBA # 19009, Ste. 105, 616 S. Main, Tulsa, OK 74119.

13. Respondent's resignation should be approved.

¶ 3 **IT IS THEREFORE ORDERED THAT** Complainant's application and Respondent's resignation be approved.

¶ 4 **IT IS FURTHER ORDERED THAT** Respondent's name be stricken from the Roll of Attorneys, and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five years from the date of this order.

¶ 5 **IT IS FURTHER ORDERED THAT** Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceeding, 5 O.S. ch.1, App. 1A. (Supp.1996).

¶ 6 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 17th DAY OF FEBRUARY 2004.**

ALL JUSTICES CONCUR.