2005 OK 68

**Tammy Lynn HEATH, Appellee,**

v.

**Connie ENGLE, Appellant.**

**No. 101,188.**

Supreme Court of Oklahoma.

Oct. 4, 2005.

Julie E. Bates, Postic & Bates, Oklahoma City, OK, for Appellant.

James L. Menzer, Menzer Law Office, Blackwell, OK, for Appellee.

**2**

HARGRAVE, J.

¶ 1 This matter stands submitted under Rule 1.36, Rules of the Supreme Court, 12 O.S. ch. 15, App. The appellant, the defendant below, appeals the trial court's grant of summary judgment to plaintiff and the denial of defendant's application to file responses to plaintiff's request for admissions out of time.[1] The issue is whether the trial court erred in allowing unanswered requests for admission to serve as the basis for granting summary judgment to plaintiff. A recent opinion of this Court, *Ross v. Pace*, 2004 OK 13, 87 P.3d 593, upheld a trial court's refusal to vacate summary judgment premised on plaintiff's failure to respond to defendant's requests for admission. That case also held that the trial judge did not abuse its discretion in denying the plaintiff's request to withdraw or amend the admissions. We find that the trial judge in this case did not abuse her discretion in refusing to allow defendant's untimely filing of its response to the requests for admission and hold that summary judgment should be affirmed.

¶ 2 Plaintiff filed a petition pursuant to the Oklahoma Pyramid Promotional Scheme Act, 21 O.S.2001 § 1071, et seq. The Act makes promotion of a pyramid promotional scheme a felony, punishable by fine or by imprisonment or both, for each violation of the act. Section 1075 permits any participant in a pyramid promotional scheme to declare the transaction void and bring a civil action to recover the consideration paid, plus reasonable attorney fees and costs. Plaintiff's case was dismissed without prejudice for failure to diligently prosecute by order of the district court of Oklahoma County signed September 21, 2001 and filed September 24, 2001. Plaintiff re-filed her petition on September

23, 2002, under the savings clause of 12 O.S. § 100.[2]

¶ 3 Plaintiff served requests for admission upon defendant's counsel by mail on November 18, 2002. Defendant's response was due December 23, 2002, but defendant did not respond. On July 1, 2003, plaintiff's counsel sent a letter to defendant's counsel requesting that answers be provided by July 14, 2003. No response was filed. On August 6, 2003, plaintiff filed a motion for summary judgment on the grounds that the requests were deemed admitted under 12. O.S. § 3236. Section 3236 provides, in pertinent part:

"A. REQUESTS FOR ADMISSION. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of § 3226 of this title set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request . . .

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty (30)days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney . . ."

Subsection (B) of § 3236 provides that any matter admitted under the section is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission.[3]

---

1. The appellant, pursuant to 12 O.S.2001 § 990.2, also appealed from the trial court's denial of its motion to vacate summary judgment. Because the order denying the motion to vacate summary judgment was filed *before* the appealable journal entry granting summary judgment, the filing of the motion to vacate did not extend the time to appeal. The appeal was filed within thirty (30) days after filing of the final order granting summary judgment. 12 O.S.2001 § 696.3.

2. Title 12 O.S.2001 § 100 provides, that if an action is commenced within due time and if the

plaintiff fails in such action otherwise than on the merits, the plaintiff may commence a new action within one (1) year after the failure, even though the time limit for commencing the action expired before the new action is filed.

3. § 3236(B) Effect of Admission:

"Any matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The court may permit withdrawal or amendment of an admission when the presentation of the merits of the action will

¶ 4 On August 18, twelve days after the motion for summary judgment was filed, defendant faxed to plaintiff its responses to the requests for admission. On September 5, 2003, defendant filed a response to plaintiff's motion for summary judgment and contemporaneously filed an application to have its answers to plaintiff's requests for admission accepted out-of-time. The response stated that the defendant recently had retained co-counsel, on September 3, 2003, for the purpose of responding to the motion for summary judgment, and that co-counsel "has not had time to pursue evidentiary material sufficient to support any opposition to Plaintiff's motion for summary judgment." Counsel requested additional time for discovery in order to adequately respond to plaintiff's motion for summary judgment.

¶ 5 The trial judge denied defendant's application to file its responses to plaintiff's requests for admission out of time and granted plaintiff's motion for summary judgment on Feb. 27, 2004.[4] On March 8, 2004, defendant filed a motion to vacate or motion to reconsider the order sustaining summary judgment, arguing that plaintiff's re-filed petition was untimely, that plaintiff failed to show that there were no disputed issues of material fact, and that plaintiff failed to show that she was prejudiced by late receipt of defendant's responses.

¶ 6 Plaintiff responded to the motion to vacate summary judgment by demonstrating that the petition was timely filed *even if* the previous action was deemed dismissed on Sept. 21, 2002, as contended by the defendant. September 21, 2002 fell on a Saturday, so the petition was timely filed on Monday, September 23, 2002. As to defendant's other arguments, plaintiff argued that liability is established by the admissions because defendant has admitted all elements of plaintiff's claim. Plaintiff argued that it is discretionary with the trial judge whether to allow responses to requests for admissions to be

filed out of time after an eight-month unexplained delay in responding.

¶ 7 The trial judge denied the motion to vacate on July 15, 2004, and on August 13, 2004 filed the Journal Entry of Judgment granting plaintiff's motion for summary judgment. The defendant appealed, arguing that summary judgment should not have been granted, making the same arguments as in the motion to vacate, and that the trial court abused its discretion in denying defendant's application to amend (sic) its answers to plaintiff's request for admissions. The appeal was retained by this Court on appellee's motion.

¶ 8 This Court recently upheld unanswered requests for admission as the basis for granting summary judgment, and found that the trial court did not abuse it's discretion in refusing to allow the plaintiff to withdraw or amend the admissions. In *Ross v. Pace*, 2004 OK 13, 87 P.3d 593, the plaintiff did not respond to defendant's request for admissions and, after two months, defendant filed a motion for summary judgment based on the deemed admissions under 12 O.S. § 3236. The plaintiff did not respond to the motion for summary judgment or appear at the hearing. The trial court granted summary judgment for defendant on March 1, 2001. On March 8, 2001, plaintiff moved to withdraw or amend the admissions and to vacate the order granting summary judgment. On August 1, 2002, the motions were denied.

¶ 9 On appeal, Ross's attorneys explained that they failed to respond because they were in the process of referring the file to an outside attorney and the second copy of the requests for admission and the motion for summary judgment were placed with the file for referral. The Court of Civil Appeals reversed the summary judgment. This Court granted certiorari, vacated the opinion of the Court of Civil Appeals and affirmed

---

be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

4. No memorialization of that ruling appears in the record on accelerated appeal. The docket

sheet entry recites only that plaintiff's motion for summary judgment was sustained and defendant's application to file responses to request for admissions out of time was overruled. The record before us reflects that these rulings were memorialized by Journal Entry of Judgment filed August 13, 2004.

**4**

the trial court judgment. We found that the trial court did not abuse its discretion in denying plaintiff's motions given that plaintiff's attorneys had been given numerous chances to respond to the requests for admission. 2004 OK 11 ¶ 12, 87 P.3d 591. In affirming the trial court's grant of summary judgment based on the unanswered requests for admission, we said:

> "Because Ross failed to respond to Pace's requests for admission within thirty days, the requests were deemed admitted. 12 O.S.2001 § 3236(A). Her actual response time was more than ninety days after the requests for admission were filed which was when she filed her motion to vacate the order granting summary judgment. Subsection B of § 3236 provides that "any matter admitted is conclusively established 'unless the court on motion permits withdrawal or amendment of the omission.'"

> "With the conclusively established admission that at the scene of the accident Pace had both the green light and the right of way and Ross did not, summary judgment was proper since there would be no substantial controversy as to any material fact. (citation omitted). The issue is whether the district court abused its discretion in refusing to vacate a default judgment." 2004 OK 13 ¶¶ 8, 9, 87 P.3d at 594.

 ¶ 10 We find that the trial judge in the case at bar did not abuse her discretion in denying defendant's application to file its answers out of time where that application was filed more than nine months after the responses were due, and only after plaintiff filed for summary judgment. Defendant's responses made no showing of hardship or other reason that she was unable to timely answer the requests for admission. As in *Ross v. Pace, supra,* the defendant was af-forded a number of opportunities to respond to the requests for admission from plaintiff.

■ ¶ 11 Likewise, the trial court in the case at bar did not err in granting summary judgment to plaintiff based on the matters deemed admitted under 12 O.S. § 3236. In order to bring a civil action under § 1075 of the Oklahoma Pyramid Promotional Scheme Act, a participant in such scheme must declare the transaction void and bring a civil action to recover the consideration paid. The Act defines "participant" as a person who contributes money into a pyramid promotional scheme. 21 O.S. § 1072(3). "Pyramid promotional scheme" means any plan or operation by which a participant gives consideration for the opportunity to receive compensation which is derived primarily from the person's introduction of other persons into the plan or operation rather than from the sale of goods, services or intangible property by the participant or other persons introduced into the plan or operation. 21 O.S. § 1072(6). Consideration means the payment of cash or purchase of goods, services or intangible property. 21 O.S. § 1072(2).

¶ 12 Plaintiff's requests for admission covered all of the elements of her cause of action.[5] The unanswered requests for admission properly formed the basis for granting summary judgment in this case because the elements of plaintiff's cause of action were admitted. Accordingly, the judgment of the trial court is affirmed.

**TRIAL COURT JUDGMENT AFFIRMED.**

¶ 13 ALL JUSTICES CONCUR.

---

5. The request sought defendant's admission of the following facts:

That in 1996 defendant was a promoter of an illegal pyramid promotional scheme as defined by 21 O.S. § 1072, that defendant accepted $11,000 in cash from the plaintiff and others on her behalf, the cash was part of the "Friends Helping Friends Network, Network Board or Support Network, that defendant provided no goods, services, real property, personal property or intangible property in return for the cash received from plaintiff or others on her behalf; that by bringing volunteers in below them, each person would progress up the network board and ultimately receive $16,000.00 for each volunteer position purchased for $2000.00 and that each participants opportunity to receive compensation from the network or board was derived primarily from the introduction of other persons into the Board or Network, and that defendant had no valid defenses, counterclaims or setoffs to the relief requested in plaintiff's petition.